UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

FABIAN ELLIS,

        Petitioner,        Case No. 2:18-cv-5

v.        Honorable Hala Y. Jarbou

CATHERINE BAUMAN,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Petitioner Fabian Ellis is incarcerated with the Michigan Department of Corrections at the Alger Correctional Facility (LMF) in Munising, Alger County, Michigan. On October 28, 2014, following a two-day jury trial in the Ingham County Circuit Court, Petitioner was convicted of one count of first-degree criminal sexual conduct (CSC-I), in violation of Mich. Comp. Laws § 750.520b, and two counts of second-degree criminal sexual conduct (CSC-II), in violation of Mich. Comp. Laws § 750.520c. The jury acquitted Petitioner of three counts of CSC-I and one count of CSC-II. On December 10, 2014, the court sentenced Petitioner to 25 to 50 years' imprisonment for CSC-I[1] to be served concurrently with sentences of 5 to 15 years' imprisonment on each count of CSC-II.

On January 12, 2018, Petitioner filed his habeas corpus petition. Subsequently, Petitioner filed an amended petition raising two grounds for relief, as follows:

---

[1] When CSC-I is committed by a person 17 years of age or older against an individual less than 13 years of age, Michigan statute imposes a mandatory minimum sentence of 25 years. Mich. Comp. Laws § 750.520b(2)(b).

> I. Petitioner was denied his Fifth and Fourteenth Amendment rights to effective assistance of counsel where Petitioner rejected the prosecutor's pretrial plea offer because defense trial counsel failed to inform him of the risk that a conviction for criminal sexual conduct first-degree was punishable with a minimum sentence of twenty-five years.
>
> II. Petitioner was denied his Fourteenth Amendment right to effective assistance of appellate counsel where his appellate attorney failed to develop the factual basis in support of the ineffective assistance of trial counsel claim in accordance with Michigan's procedural rules.

(Am. Pet., ECF No. 15-1, PageID.279-280.) Respondent has filed an answer to the petition (ECF No. 21) stating that the grounds should be denied because they are meritless. Upon review and applying the standards of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA), I find that the grounds are without merit. Accordingly, I recommend that the petition be denied.

## Discussion

**I.    Factual allegations**

> Petitioner has stated the following facts in his briefs:
>
> Mr. Ellis was convicted of one count of CSC 1st and two counts of CSC 2nd (person under 13) and acquitted of four other CSC 1st counts[2] and one CSC 2nd count. The victim, A.M., was the daughter of a woman that Mr. Ellis was dating. A.M. was about 10 years old and claimed that the abuse had been occurring for a couple years.
>
> Appellant is not summarizing the trial testimony because this appeal concerns other aspects of the case.
>
> As an offer of proof, prior to trial the prosecution made two plea offers to Mr. Ellis. The first was for a minimum of one year in prison up to any maximum (the statutory maximum being life). The second offer was 10-15 years. At no point did Mr. Ellis know nor was he informed that he was facing a potential mandatory minimum sentence of 25 years for a conviction of CSC 1st for a person under 13 years old and a defendant over 17 years old.
>
> Mr. Ellis rejected the plea offers and was convicted of the CSC 1st charge

---

[2] Although Petitioner reports that he was acquitted of four other CSC-I counts, he was actually acquitted of three and one was dismissed by stipulation at the preliminary examination. (Prelim. Exam. Tr., ECF No. 22-2, PageID.489.)

>carrying a mandatory 25 year minimum. He was sentenced accordingly. Had he known he was facing a mandatory 25 year minimum, Mr. Ellis would have pled . . . .

(Pet'r's Appeal Br., ECF No. 22-9, PageID.652.) Petitioner attached his Affidavit to his Motion for Relief from Judgment. (Affid., ECF No. 15-6, PageID.331–332.) The affidavit confirms the facts stated above with regard to the offers, Petitioner's rejection of the offers, and Petitioner's stated lack of knowledge regarding the mandatory minimum sentence. (*Id.*)

Petitioner appealed the judgment of conviction arguing that he was denied the effective assistance of trial counsel because counsel never advised Petitioner of the 25-year mandatory minimum sentence. Petitioner claimed that due process required that he be given another chance to accept that offer. The Michigan Court of Appeals disagreed:

>Defendant argues that he received ineffective assistance of counsel during pretrial proceedings because his counsel advised him regarding plea offers without informing him of the 25-year mandatory minimum sentence for CSC I. We disagree.
>
>The "Sixth Amendment right to counsel . . . extends to the plea-bargaining process." *Lafler v Cooper*, ___ US ___; 132 S Ct 1376, 1384; 182 L Ed 2d 398 (2012). See also *People v Douglas*, 496 Mich 557, 594; 852 NW2d 587 (2014); *People v Corteway*, 212 Mich App 442, 446; 538 NW2d 60 (1995). "Whether defense counsel performed ineffectively is a mixed question of law and fact; this Court reviews for clear error the trial court's findings of fact and reviews de novo questions of constitutional law." *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012).
>
>Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise. To establish an ineffective assistance of counsel claim, a defendant must show that (1) counsel's performance was below an objective standard of reasonableness under prevailing professional norms and (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. A defendant must also show that the result that did occur was fundamentally unfair or unreliable. [*People v Lockett*, 295 Mich App 165, 187; 814 NW2d 295 (2012) (citations omitted).]
>
>Because defendant failed to preserve the issue by making a motion for a new trial or an evidentiary hearing in the trial court, see *People v Sabin (On Second Remand)*, 242 Mich App 656, 658; 620 NW2d 19 (2000), our review "is limited to

> mistakes apparent on the record," see *People v Fyda*, 288 Mich App 446, 450; 793 NW2d 712 (2010).
>
> Despite the fact that he bears the "burden of establishing the factual predicate for his claim of ineffective assistance of counsel," see *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999), defendant cites absolutely no record evidence to support his cursory analysis of this issue. On that basis alone, his instant claim of error necessarily fails. This Court does not function as a research assistant for the parties before it. See *People v Kevorkian*, 248 Mich App 373, 389; 639 NW2d 291 (2001), quoting *Mitcham v City of Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959) ("It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position. The appellant himself must first adequately prime the pump; only then does the appellate well begin to flow.").
>
> Moreover, other than a pretrial statement, which indicates that the prosecution offered defendant a plea of "One Count CSC 1st—no sentence agreement," and further indicates that defendant rejected that offer and chose to proceed to trial, the record is silent about what plea offers defendant received. It is equally silent about what advice defense counsel gave defendant—if any—regarding any plea offers that were made. Without such evidence, it is impossible to tell what assistance defendant received from his counsel, let alone to determine whether counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. Nor can defendant, on this record, make the requisite showing that "the outcome of the plea process would have been different with competent advice." See *Douglas*, 496 Mich at 592 (quotation marks and citation omitted). As a result, defendant's claim of ineffective assistance merits no relief.

(Mich. Ct. App. Op., ECF No. 22-9, PageID.616–617) (footnote omitted).

The same counsel that represented Petitioner when he filed his brief on appeal represented Petitioner before the Michigan Supreme Court. Counsel, recognizing that the court of appeals called into question the effectiveness of his representation, acknowledged that it was counsel's fault, not Petitioner's, that the record was not properly developed by way of a motion to remand. (Appl. for Leave to Appeal, ECF No. 22-11, PageID.765) ("Mr. Ellis reiterates that there is no law that prevents the merits panel from remanding the case, but if the only issue holding back

4

relief for Mr. Ellis are these procedural problems, that is on counsel's head, not Mr. Ellis's."). The Michigan Supreme Court denied relief, nonetheless. (Mich. Order, ECF No. 22-11, PageID.751.)

Petitioner did not file a petition for certiorari in the United States Supreme Court, (Am. Pet., ECF No. 15, PageID.259), so his judgment became final on January 24, 2017, 90 days after the Michigan Supreme Court denied leave to appeal on October 26, 2016. 28 U.S.C. § 2244(d)(1); *Lawrence v. Florida*, 549 U.S. 327, 332–33 (2007). Petitioner's period of limitation commenced running on the date his judgment became final. With twelve days left in the period, he filed his habeas petition, which raised the ineffective assistance of trial counsel claim that he had exhausted in the state courts, as well as an ineffective assistance of appellate counsel claim that Petitioner had hinted at by way of his application for leave to appeal to the Michigan Supreme Court, but that he had not expressly raised in any state court.

Petitioner sought a stay so that he might return to the state courts to exhaust remedies with regard to his ineffective assistance of appellate counsel claim. The Court granted the requested stay. (ECF No. 7.)

Petitioner filed a motion for relief from judgment in the Ingham County Circuit Court challenging the ineffective assistance of his appellate counsel for failing to develop the factual predicate for Petitioner's ineffective assistance of trial counsel claim. (Pet'r's Br. in Support of Mot. for Relief from J., ECF No. 15-6, PageID.316–330.) By opinion and order entered May 22, 2018, the trial court denied relief—not because Petitioner had failed to raise the ineffective assistance of appellate counsel argument on his direct appeal—but because Petitioner had raised it in the Michigan Supreme Court and that court had decided the issue against Petitioner. (Ingham Cnty. Cir. Ct. Op. and Order, ECF No. 15-7, PageID.334–338.) Petitioner sought leave to appeal that determination in the Michigan Court of Appeals and the Michigan Supreme Court.

5

Those courts denied leave by order entered December 20, 2018, and July 29, 2019, respectively. (Mich. Ct. App. Order, ECF No. 15-9, PageID.361; Mich. Order, ECF No. 15-11, PageID.389.)

The trial court's resolution of Petitioner's motion for relief from judgment boxed Petitioner in. Under the federal habeas doctrine of exhaustion, Petitioner had failed to raise his ineffective assistance of appellate counsel argument in any Michigan court. According to the state trial court, however, Petitioner had raised the issue in the Michigan Supreme Court and that court had decided the claim against him, which precluded relief in any other Michigan court.

Upon completion of the appellate process for Petitioner's motion for relief from judgment, Petitioner returned to this Court and amended his petition to reflect the events that had occurred in the state courts since entry of the order staying this proceeding. The amended petition is now ready for decision.

## II.    AEDPA standard

The AEDPA "prevent[s] federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693–94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). "Under these rules, [a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Stermer v. Warren*, 959 F.3d 704, 721 (6th Cir. 2020) (quoting *Harrington v. Richter*, 562 U.S. 86, 101 (2011) quoting *Yarborough v. Alvarado*, 541

U.S. 652, 664 (2004)) (internal quotation marks omitted). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. 312, 316 (2015) (internal quotation omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Williams v. Taylor*, 529 U.S. 362, 381–82 (2000); *Miller v. Straub*, 299 F.3d 570, 578–79 (6th Cir. 2002). Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 565 U.S. 34, 37–38 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 565 U.S. at 38).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405–06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 575 U.S. at 316 (quoting *Harrington*, 562 U.S. at 103).

Determining whether a rule application was unreasonable depends on the rule's specificity. *Stermer*, 959 F.3d at 721. "The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Yarborough*, 541 U.S. at 664. "[W]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their

7

adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. 415, 424 (2014) (internal quotations omitted).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (en banc); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey v. Mitchell*, 271 F.3d 652, 656 (6th Cir. 2001). This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546–47 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

Section 2254(d) limits the facts a court may consider on habeas review. The federal court is not free to consider any possible factual source. The reviewing court "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011). "If a review of the state court record shows that additional fact-finding was required under clearly established federal law or that the state court's factual determination was unreasonable, the requirements of § 2254(d) are satisfied and the federal court can review the underlying claim on its merits. *Stermer*, 959 F.3d at 721 (citing, *inter alia*, *Brumfield v. Cain*, 576 U.S. 305 (2015), and *Panetti v. Quarterman*, 551 U.S. 930, 954 (2007)).

If the petitioner "satisfies the heightened requirements of § 2254(d), or if the petitioner's claim was never 'adjudicated on the merits' by a state court, 28 U.S.C. § 2254(d),"— for example, if he procedurally defaulted the claim—"AEDPA deference no longer applies." *Stermer*, 959 F.3d at 721. Then, the petitioner's claim is reviewed *de novo*. *Id*. citing *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003).

8

**III.    Petitioner's ineffective assistance of appellate counsel claim was never adjudicated on the merits in the state court**

The trial judge never adjudicated Petitioner's ineffective assistance of appellate counsel claim. He refused to consider the claim because he determined the issue had been decided against the Petitioner in a prior appeal, Mich. Comp. Laws § 6.508(D)(2), when the Michigan Supreme Court denied leave to appeal. In Petitioner's direct appeal application for leave to appeal to the Michigan Supreme Court, appellate counsel offered a *mea culpa* for failing to move to remand to the trial court while the Petitioner's direct appeal was pending in the court of appeals. But counsel never suggested that his assistance was constitutionally ineffective. The Michigan Supreme Court denied leave to appeal in a form order.

Does such a form order, particularly when the order simply denies discretionary review, constitute an adjudication on the merits entitled to AEDPA deference? *Wilson v. Sellers*, 138 S. Ct. 1188 (2018), instructs "that the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale[; i]t should then presume that the unexplained decision adopted the same reasoning." *Id*. at 1192. But the issue of ineffective assistance of appellate counsel was never raised in the lower courts, so there is no way to look through the Michigan Supreme Court's cryptic order to a reasoned decision. Accordingly, the undersigned concludes that the state courts did not adjudicate Petitioner's ineffective assistance of appellate counsel claim on the merits. This Court's review on that issue, therefore, is *de novo*.

**IV.    Petitioner cannot establish prejudice from appellate counsel's failure to move for remand to develop the facts to support Petitioner's ineffective assistance of trial counsel claim**

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a

9

claim of ineffective assistance of counsel, the petitioner must prove (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. *Id.* at 687. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment. *Id.* at 691.

Petitioner contends that his appellate counsel rendered constitutionally ineffective assistance because counsel failed to develop Petitioner's ineffective assistance of trial counsel claim. Petitioner argues that appellate counsel should have filed a motion to remand to create the record necessary to support that claim. Whether appellate counsel's assistance fell below an objective standard of reasonableness or prejudiced petitioner, therefore, turns on the merits of Petitioner's ineffective assistance of trial counsel claim.

The two-part *Strickland* test also applies to a challenge to a guilty plea based on ineffective assistance of trial counsel. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). Regarding the first prong, the court applies the same standard articulated in *Strickland* for determining whether counsel's performance fell below an objective standard of reasonableness. *Id.* at 58–59. In analyzing the prejudice prong, the focus is on whether counsel's constitutionally deficient

10

performance affected the outcome of the plea process. *Id*. at 59. In *Lafler v. Cooper*, 566 U.S. 156 (2012), the Supreme Court held that the *Strickland* standard also applies where counsel provides ineffective assistance when advising a defendant about a plea offer that is not accepted. As in *Hill*, 474 U.S. at 58, the prejudice prong of *Strickland* turns on whether, absent counsel's errors, the result of the plea process would have been different. *See Lafler*, 566 U.S. at 162–68. In such circumstances, "defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel." *Missouri v. Frye*, 566 U.S. 134, 147–49 (2012).

Petitioner's claim that trial counsel rendered ineffective assistance is focused on counsel's failure to advise Petitioner that he faced a mandatory minimum sentence of 25 years if convicted of CSC-I. According to Petitioner, counsel's failure to so advise Petitioner caused Petitioner to reject two favorable plea offers from the prosecutor. Petitioner's claim against trial counsel would not succeed under *Strickland*, *Hill*, *Lafler*, and *Frye* if (1) counsel indeed advised Petitioner of the 25-year mandatory minimum sentence, (2) there were no favorable plea offers as reported by Petitioner, or (3) Petitioner were otherwise aware that a CSC-I conviction would result in a mandatory minimum sentence of 25 years.

The court of appeals rejected Petitioner's ineffective assistance of trial counsel claim because Petitioner had failed to establish factual predicate (1) regarding counsel's advice and (2) regarding the plea offers. The record did not show that there had been favorable plea offers as represented by Petitioner. (Mich. Ct. App. Op., ECF No. 22-9, PageID.617) ("[T]he record is silent about what plea offers defendant received."). The record did not show that counsel failed to advise Petitioner of the mandatory minimum sentence as represented by Petitioner. (*Id*. ("It is equally silent about what advice defense counsel gave defendant—if any—regarding any plea

offers that were made.")).  Under those circumstances, the court of appeals concluded Petitioner could not show "counsel's performance fell below an objective standard of reasonableness under prevailing professional norms;" nor could Petitioner show "that 'the outcome of the plea process would have been different with competent advice.'"  (*Id*.)

The court of appeals' analysis is neither contrary to, nor an unreasonable application of, *Strickland*, *Hill*, *Davis*, or *Frye*—the clearly established federal law regarding ineffective assistance of counsel in the context of foregone plea offers.  But the court of appeals was ***not*** considering whether appellate counsel was ineffective.  If the record's silence regarding trial counsel's advice or the content of plea offers follows from appellate counsel's ineffective assistance in failing to develop the record, relying on a silent record to resolve the claim creates a loop in the reasoning.  Because review is *de novo*, this Court can avoid that loop by focusing on the third factual scenario that would undercut Petitioner's claim—Petitioner's awareness, separate and apart from counsel's advice, that a CSC-I conviction would result in a mandatory minimum sentence of 25 years.

The Michigan Court Rules provide for informing an accused of "the nature of the offense charged and its maximum possible prison sentence and any mandatory minimum sentence required by law . . . ."  Mich. Ct. R. 6.104(E).  The requirements of Rule 6.104(E) are addressed to arraignment on the complaint or warrant in district court; however, the same facts—the nature of the offense charged, the maximum possible prison sentence, and any mandatory minimum sentence—are conveyed when the accused is arraigned on the information in the circuit court; the information must contain information regarding the penalty of the offense allegedly committed.  Mich. Ct. R. 6.112(D).

Where the accused waives the arraignment, as Petitioner did, he can only do so by filing "a written statement signed by the defendant and the defendant's lawyer acknowledging that the defendant has received a copy of the information, has read or had it read or explained, understands the substance of the charge, waives arraignment in open court, and pleads not guilty to the charge or stands mute." Mich. Ct. R. 6.113(C). Petitioner signed a waiver of arraignment acknowledging receipt of the information, and that he had read it or had it read or explained to him. (Waiver, ECF No. 22-8, PagerID.615.) The information set out the penalty for each count of CSC-I: "Life or any term of years; mandatory minimum of 25 years and lifetime electronic monitoring, mandatory AIDS/STD testing[.]" (Information, ECF No. 25-1, PageID.884–885.)

Under *Frye*, to prevail on his claim, Petitioner must show that, if counsel had only advised him of the 25-year mandatory minimum, he would have taken the plea. He cannot make that showing. He signed an acknowledgment that he had read a document that advised him of the 25-year mandatory minimum and, despite that knowledge, he did not take the plea. Even if counsel failed to so advise Petitioner, and even if that failure was professionally unreasonable, Petitioner cannot show prejudice because he already knew of the mandatory minimum and declined the plea anyway. Therefore, Petitioner cannot show that his trial counsel rendered constitutionally ineffective assistance.[3]

Because Petitioner cannot show that trial counsel rendered constitutionally ineffective assistance, he cannot show that appellate counsel's failure to develop the record regarding trial counsel's ineffective assistance resulted in any prejudice. Accordingly, Petitioner is not entitled to habeas relief on either of his ineffective assistance of counsel claims.

---

[3] The Court might also reach that conclusion by according AEDPA deference to the court of appeals' determination that Petitioner had failed to demonstrate that trial counsel rendered professionally ineffective assistance. That court's analysis is entirely consistent with the clearly established federal law cited above. But deference to that determination does not assist in resolving Petitioner's claim regarding ineffective assistance of appellate counsel.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, I have examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

I find that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims would be debatable or wrong. Therefore, I recommend that the Court deny Petitioner a certificate of appealability.

Moreover, although I conclude that Petitioner has failed to demonstrate that he is in custody in violation of the constitution and has failed to make a substantial showing of a denial of a constitutional right, I would not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied. I further recommend that a certificate of appealability be denied. Finally, I recommend that the Court not certify that an appeal would not be taken in good faith.

Dated:   February 24, 2021                            /s/ *Maarten Vermaat*
                                                                          Maarten Vermaat
                                                                          United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).